UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LIBERTARIAN PARTY OF ERIE COUNTY, MICHAEL KUZMA, RICHARD COOPER, GINNY ROBER, PHILIP M. MAYOR, MICHAEL REBMANN, EDWARD L. GARRETT, and DAVID MONGIELO,

                Plaintiffs,

  - against -

ANDREW M. CUOMO, as Governor of the State of New York; ERIC T. SCHNEIDERMAN, as Attorney General of the State of New York; and JOSEPH A. D'AMICO, as Superintendent of the New York State Police,

                Defendants.

15-cv-00654-FPG

---

## DECLARATION OF WILLIAM J. TAYLOR, JR.

WILLIAM J. TAYLOR, JR., an attorney duly admitted to practice before this Court, declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an Assistant Attorney General in the office of ERIC T. SCHNEIDERMAN, Attorney General of the State of New York (the "Attorney General"). This Office represents the Attorney General, who has been named as a defendant in his official capacity, in the above-captioned action.[1]

---

[1] This motion to dismiss or, alternatively, to transfer venue is brought at this time only on behalf of the Attorney General. The other two defendants named in this action -- Andrew M. Cuomo, Governor of the State of New York (the "Governor") and Joseph A. D'Amico, Superintendent of the New York State Police (the "Superintendent") -- have not yet been served. As I previously noted to the Court, Plaintiffs' counsel had indicated over a month ago that he intended to take steps to effect such service immediately. (*See* ECF Docket No. 4.) But that has not happened. Thus, the Court currently lacks personal jurisdiction over both the Governor and the Superintendent, *see, e.g.*, *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012), and their time to respond to the Complaint has not yet begun to run, *see* Fed. R.

2. I submit this declaration in support of the Attorney General's motion, pursuant to Rules 12(b)(1), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a) and 1404(a), to dismiss with prejudice plaintiffs' Complaint, dated July 21, 2015, or, alternatively, to transfer this case to the Northern District of New York, for the limited purpose of providing the Court with true and accurate copies of the following documents referenced in the accompanying Memorandum of Law in Support of the Attorney General's Motion to Dismiss the Complaint or, Alternatively, to Transfer Venue, dated November 6, 2015:

| Exhibit | Exhibit Description |
|---|---|
| A | Complaint, dated July 21, 2015 (ECF Docket No. 1). |
| B | Daniel W. Webster & Garen J. Wintemute, *Effects of Policies Designed to Keep Firearms from High-Risk Individuals*, 36 Ann. Rev. Pub. Health 21 (2015). |
| C | Daniel Webster et al., *Effects of the Repeal of Missouri's Handgun Purchaser Licensing Law on Homicides*, 91 J. Urban Health 293 (2014) (erratum: 91 J. Urban Health 598 (2014)). |
| D | Kara E. Rudolph et al., *Association Between Connecticut's Permit-to-Purchase Handgun Law and Homicides*, 105 Am. J. Pub. Health e49 (2015). |
| E | Daniel W. Webster et al., *Preventing the Diversion of Guns to Criminals through Effective Firearm Sales Laws*, in *Reducing Gun Violence in America: Informing Policy with Evidence and Analysis* 109 (2013). |
| F | Daniel W. Webster et al., *Relations Between Licensing, Registration, and Other Gun Sales Laws and the Source State of Crime Guns*, 7 Injury Prevention 184 (2001). |

---

Civ. P. 12(a)(1). In any event, the grounds for dismissal (or, alternatively, transfer) set forth by the Attorney General on this motion apply equally to the Governor and the Superintendent.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: New York, New York
       November 6, 2015

                                      **/s/ *William J. Taylor, Jr.***
                                      William J. Taylor, Jr.
                                      Assistant Attorney General