UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIBERTARIAN PARTY OF ERIE COUNTY, MICHAEL KUZMA, RICHARD COOPER, GINNY ROBER, PHILIP M. MAYOR, MICHAEL REBMANN, EDWARD L. GARRETT, and DAVID MONGIELO,<br><br>      Plaintiffs,<br><br> - against -<br><br>ANDREW M. CUOMO, as Governor of the State of New York; ERIC T. SCHNEIDERMAN, as Attorney General of the State of New York; and JOSEPH A. D'AMICO, as Superintendent of the New York State Police,<br><br>      Defendants. | 15-cv-00654-FPG |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNOR
ANDREW M. CUOMO'S AND SUPERINTENDENT
JOSEPH A. D'AMICO'S MOTION TO DISMISS THE
<u>COMPLAINT OR, ALTERNATIVELY, TO TRANSFER VENUE</u>**

                ERIC T. SCHNEIDERMAN
                Attorney General of the State of New York
                *Attorney for Defendants*
                120 Broadway, 24th Floor
                New York, New York 10271
                (212) 416-8426
                william.taylor@ag.ny.gov

WILLIAM J. TAYLOR, JR.
Assistant Attorney General
 *Of Counsel*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS .......................................................................................................... 1

ARGUMENT ................................................................................................................................ 2

    I.    ALL OF THE ARGUMENTS SET FORTH IN THE ATTORNEY GENERAL'S NOVEMBER 6, 2015 MOTION APPLY EQUALLY TO THE GOVERNOR AND THE SUPERINTENDENT -- AND COMPEL DISMISSAL HERE ................................................................................................................. 2

    II.    AS THE ATTORNEY GENERAL HAS ALREADY EXPLAINED, THE GOVERNOR AND THE SUPERINTENDENT ARE NOT PROPER PARTIES TO THIS ACTION ....................................................................................................... 3

CONCLUSION ............................................................................................................................ 5

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Aron v. Becker*,
   48 F. Supp. 3d 347 (N.D.N.Y. 2014), *appeal dismissed as in default*, No. 14-3843 (2d Cir. Nov. 17, 2014) ...................................................................................................4

*Ex parte Young*,
   209 U.S. 123 (1908) ..............................................................................................................3

*Johnson v. N.Y. State Dep't of Corr. Servs.*,
   709 F. Supp. 2d 178 (N.D.N.Y. 2010) ..................................................................................3

*Jones v. Schneiderman*,
   974 F. Supp. 2d 322 (S.D.N.Y. 2013) ...................................................................................4

*McCluskey v. Comm'r of Nassau Cnty. Dep't of Soc. Servs.*,
   No. 12-cv-3852 (JFB)(ETB), 2013 U.S. Dist. LEXIS 127614 (E.D.N.Y. July 23, 2013), *adopted by* 2013 U.S. Dist. LEXIS 126874 (E.D.N.Y. Sept. 5, 2013)....................... 4-5

*Osterwweil v. Bartlett*,
   819 F. Supp. 2d 72 (N.D.N.Y. 2011), *vacated on other grounds by* 738 F.3d 520 (2d Cir. 2013) ..............................................................................................................................4

*Sabin v. Nelson*,
   No. 12-cv-1373, 2014 U.S. Dist. LEXIS 88462 (N.D.N.Y. June 30, 2014) ...........................4

*Warden v. Pataki*,
   35 F. Supp. 2d 354 (S.D.N.Y. 1999), *aff'd sub nom. Chan v. Pataki*, 201 F.3d 430 (2d Cir. 1999) ..............................................................................................................................4

### CONSTITUTION AND STATUTES

N.Y. Const. art. IV, § 3 ................................................................................................................4

N.Y. Exec. Law § 223 ..................................................................................................................4

Defendants Andrew M. Cuomo, Governor of the State of New York (the "Governor") and Joseph A. D'Amico, Superintendent of the New York State Police (the "Superintendent"), by their attorney Eric T. Schneiderman, Attorney General of the State of New York (the "Attorney General"), respectfully submit this memorandum of law in support of their motion to dismiss Plaintiffs' Complaint, dated July 21, 2015, pursuant to Rules 12(b)(1), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1406(a) and 1404(a), or, alternatively, to transfer this case to the Northern District of New York or other appropriate venue.

## PRELIMINARY STATEMENT

Plaintiffs, a local Erie County political organization and seven individuals, bring this action against the Governor, the Superintendent, and the Attorney General to challenge the constitutionality of New York's century-old firearms licensing law under the Second and Fourteenth Amendments. Plaintiffs commenced the action on July 21, 2015. Plaintiffs served the Attorney General on or about July 21, 2015. On November 6, 2015, the Attorney General moved to dismiss the Complaint. On or about November 12, 2015, Plaintiffs served the Governor and the Superintendent, who now join the Attorney General's motion. For the reasons set forth in those papers and below, it is respectfully submitted that Plaintiffs' Complaint is subject to dismissal in its entirety or, alternatively, to a transfer of venue and then dismissal.

## STATEMENT OF FACTS

For a recitation of the relevant facts on this motion, the Governor and the Superintendent respectfully refer the Court to the Declaration of William J. Taylor, Jr., dated November 6, 2015, and the exhibits thereto (ECF Docket No. 8); and the Memorandum of Law in Support of the Attorney General's Motion to Dismiss or, Alternatively, to Transfer Venue, dated November 6,

2015 (ECF Docket No. 7) ("AG Mem."). These documents were filed in this action on November 6, 2015, in support of the Attorney General's motion to dismiss or, alternatively, to transfer venue, and each is incorporated herein by reference.

## ARGUMENT

### I.

### ALL OF THE ARGUMENTS SET FORTH IN THE ATTORNEY GENERAL'S NOVEMBER 6, 2015 MOTION APPLY EQUALLY TO THE GOVERNOR AND THE SUPERINTENDENT -- AND COMPEL DISMISSAL HERE

As demonstrated in the Attorney General's November 6, 2015 motion papers, Plaintiffs' claims in this action fail for numerous, independently dispositive reasons. *First*, none of the Plaintiffs has standing. (*See* AG Mem. at 6-10.) *Second*, none of the Defendants, including the Governor and the Superintendent, is a proper party to this action. (*See id.* at 11-12.) *Third*, venue is not proper in the Western District of New York. (*See id.* at 13-14.) *Fourth*, Plaintiffs' claims that New York's firearms licensing law violates their Second Amendment rights, both at home and in public, are entirely without merit and should be dismissed as a matter of law under Rule 12(b)(6). (*See id.* at 14-25.) *Fifth*, Plaintiffs' Fourteenth Amendment challenge, which seems to allege that certain terms in New York's licensing statute are unconstitutionally vague, also fails and must be dismissed with prejudice. (*See id.* at 25-29.)

These arguments and grounds for dismissal (or, alternatively, transfer) set forth by the Attorney General apply equally to the Governor and the Superintendent. As each is thoroughly discussed in the Attorney General's motion papers already before the Court, they are not repeated here. Instead, the Governor and the Superintendent expressly adopt and join in the arguments in the Attorney General's motion; incorporate by reference each of the documents previously submitted by the Attorney General in support of his motion (ECF Docket Nos. 6-8); and, accordingly, for the reasons set forth by the Attorney General and in this present motion,

now move to dismiss or, alternatively, to transfer this action to the Northern District of New York or other appropriate venue.[1]

## II.
### AS THE ATTORNEY GENERAL HAS ALREADY EXPLAINED, THE GOVERNOR AND THE SUPERINTENDENT ARE NOT PROPER PARTIES TO THIS ACTION

As the Attorney General demonstrated in his moving brief, because Plaintiffs have failed to allege any specific connection of the Attorney General, the Governor, or the Superintendent to the administration or enforcement of New York's firearms licensing law, none of the Defendants is a proper party to this action.  (*See* AG Mem. at 11-12.)  Dismissal of Plaintiffs' claims, the Attorney General explained, is thus fully warranted here on Eleventh Amendment grounds.  (*See id.*)  The Governor and the Superintendent fully adopt that basis for dismissal, and the reasoning set forth by the Attorney General, as a part of this motion.

As proper-party status, unlike the other arguments raised, is necessarily an issue specific to each defendant, the Governor and the Superintendent should also briefly note why they, in particular, are not proper parties here.  The analysis is essentially identical to that already contained in the Attorney General's motion.  Under settled law, to satisfy the *Ex parte Young*, 209 U.S. 123 (1908), exception to the Eleventh Amendment sovereign immunity bar that would otherwise preclude their claims, Plaintiffs "must plead facts showing that [the Governor and the Superintendent] had a connection with the alleged violation of federal law." *Johnson v. N.Y. State Dep't of Corr. Servs.*, 709 F. Supp. 2d 178, 183 (N.D.N.Y. 2010).  They have not done so.

Instead, just as is the case with respect to their claims against the Attorney General (*see* AG Mem. at 11-12), Plaintiffs merely recite, and rely upon, the Governor's and the

---

[1] As noted in the Attorney General's moving brief, if this Court decides to transfer this action, transfer to the Southern District of New York also would also appear to be appropriate.  (*See* AG Mem. at 13 n.11, 14 n.12.)

Superintendent's general law-enforcement duties under New York law.  (Complaint ¶¶ 76, 78.) They conclusorily allege only that the Governor "shall take care that the laws are faithfully executed" (*id.* ¶ 76 (quoting N.Y. Const. art. IV, § 3)) and that "[i]t shall be the duty of the superintendent of the state police and of members of the state police to prevent and detect crime and apprehend criminals" (*id.* ¶ 78 (quoting N.Y. Exec. Law § 223)).

The law is clear that Plaintiffs' attempted reliance on such general law-enforcement duties is not enough to make either of these state officials a proper party here.  *See, e.g.*, *Warden v. Pataki*, 35 F. Supp. 2d 354, 359 (S.D.N.Y. 1999) (noting that "the vast majority of courts to consider the issue have held . . . that a state official's duty to execute the laws is not enough by itself to make that official a proper party in a suit challenging a state statute"), *aff'd sub nom. Chan v. Pataki*, 201 F.3d 430 (2d Cir. 1999); *Sabin v. Nelson*, No. 12-cv-1373 (GLS/DEP), 2014 U.S. Dist. LEXIS 88462, at *6 (N.D.N.Y. June 30, 2014) (same); *Jones v. Schneiderman*, 974 F. Supp. 2d 322, 352 (S.D.N.Y. 2013) (same); (AG Mem. at 12 n.10 & cases cited).

Indeed, as discussed in the Attorney General's brief (*see* AG Mem. at 12), courts in this Circuit to consider the question have expressly held that the Governor is not a proper party to actions, like this one, challenging New York's firearms licensing scheme as unconstitutional. *See Aron v. Becker*, 48 F. Supp. 3d 347, 368-69 (N.D.N.Y. 2014) (Governor), *appeal dismissed as in default*, No. 14-3843 (2d Cir. Nov. 17, 2014); *Osterwweil v. Bartlett*, 819 F. Supp. 2d 72, 75 (N.D.N.Y. 2011) (Governor and Attorney General), *vacated on other grounds by* 738 F.3d 520 (2d Cir. 2013).  No court has specifically addressed this issue with respect to the Superintendent.  But, given Plaintiffs' failure to allege that the Superintendent has any "direct connection to, or responsibility for, the alleged illegal action" here, *McCluskey v. Comm'r of Nassau Cnty. Dep't of Soc. Servs.*, No. 12-cv-3852 (JFB)(ETB), 2013 U.S. Dist. LEXIS 127614,

4

at *15 (E.D.N.Y. July 23, 2013) (internal quotation marks and citations omitted), *adopted by* 2013 U.S. Dist. LEXIS 126874 (E.D.N.Y. Sept. 5, 2013), the correct result is no different.  In short, because none is a proper party, Plaintiffs' claims, as against all of the Defendants, are subject to dismissal on Eleventh Amendment grounds.

## CONCLUSION

For the foregoing reasons, and those set forth in the Attorney General's motion papers, the Governor and the Superintendent respectfully request that the Court grant their motion and dismiss the Complaint in its entirety with prejudice.  Alternatively, the Court should transfer this action to the Northern District of New York or other appropriate venue and grant such other and further relief as is just and appropriate.

Dated: New York, New York
       December 3, 2015

                                      ERIC T. SCHNEIDERMAN
                                      Attorney General of the State of New York
                                      *Attorney for Defendants*

                                      By:
                                      **/s/ *William J. Taylor, Jr.***
                                      William J. Taylor, Jr.
                                      Assistant Attorney General
                                      120 Broadway, 24th Floor
                                      New York, New York 10271
                                      (212) 416-8426
                                      william.taylor@ag.ny.gov